# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  CRIMINAL COMPLAINT

NEDJO IKONIC  CASE NUMBER: 06-113m (AEG)

I, John Marten, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about April 11, 2002, the defendant knowingly and willfully made a false and fraudulent statement under oath with respect to a material fact on the United States Immigration and Naturalization Form I-590 (Registration for Classification as a Refugee) for the purpose of satisfying a requirement to gain admission into the United States, and the defendant is currently living in the city of Greenfield, in the State and Eastern District of Wisconsin, contrary to Title 18, United States Code, Sections 1546(a) and 3238.

I further state that I am a Special Agent with the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and this complaint is based on the following facts:

Please see the attached affidavit of Special Agent John Marten.

Continued on the attached sheet and made a part hereof:   X Yes  ___ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

December 8, 2006
Date

at Milwaukee, Wisconsin
City and State

The Honorable Aaron E. Goodstein
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

## AFFIDAVIT

John Marten, being first duly sworn on oath, on information and belief says that:

1. I am a Special Agent employed by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.

2. I make this affidavit in support of obtaining a criminal complaint for the arrest of NEDJO IKONIC, DOB 6/26/66.

3. Your affiant has determined through investigation that IKONIC is currently living at 8825 West Howard #206, Greenfield, Wisconsin. Within the past 10 days, I did a utilities check and was advised by We Energies that the utilities at the above-described address are currently listed in IKONIC's name. I also checked with the Wisconsin Department of Motor Vehicles (DMV) within the past 10 days, and learned that IKONIC currently holds a valid Wisconsin driver's license, and that he lists the above-described address as his residence. Finally, the check with the DMV shows that IKONIC currently has three vehicles titled in his name at this address.

4. Your affiant has probable cause to believe that IKONIC violated Title 18, United States Code, Section 1546(a) (false statement in immigration document) and 3238 (venue statute) when he knowingly and willfully made a false and fraudulent statement with respect to a material fact on the United States Immigration and Naturalization Form I-590 (Registration for Classification as Refugee) for the purpose of satisfying a requirement to gain immigration benefits, in that defendant failed to report his service in the Army of the Republic of Serbia. As a result of the defendant's false and fraudulent statement, defendant entered the United States as a refugee without an investigation into his military service and is currently residing at the above described address.

5. Your affiant has reviewed IKONIC's Form I-590 that he completed under oath on April 11, 2002 at Belgrade, Serbia seeking a determination of refugee status for admission into the United States. In that form, IKONIC was directed to document his military service. The only service he documented was his compulsory service for the former Yugoslavia from 1986 to 1987, wherein he reported he attained the rank of "Private." He listed no other military service. As a result of his application, IKONIC was allowed to enter the United States as a refugee. In the Form I-590, IKONIC listed his name as NEDJO IKONIC, with a DOB of 6/26/66. He listed his father's name as Milinko, which Serbians take as their middle name. He listed his city of birth as Visoko.

6. Your affiant has received materials which have been obtained by the International Criminal Tribunal for the Former Yugoslavia (ICTY) which is currently investigating and prosecuting war crimes arising out of the war in Bosnia and Herzegovina that took place between March 1992 and November 1995.

7. These materials reflect that in July of 1995, there was a mass killing, the largest in Europe since World War II, when Serbian troops, under General Ratko Mladic, occupied the United Nations "safe area" of Srebrenica in eastern Bosnia. The objective of the massacre was to kill Muslim men. The ICTY has prosecuted military leaders for war crimes in connection with this event.

8. Your affiant has also reviewed an official report entitled "VRS Brigade Command Responsibility Report" prepared by Richard Butler, an analyst for the Department of Homeland Security, who is a recognized expert on the war in Bosnia and Herzegovina. VRS is the Army of the Serbian Republic of Bosnia and Herzegovina. This report was published, and then forwarded as Prosecution Exhibit 401 in the case of *Prosecutor v. Radislav Krstic*, a prosecution before the ICTY.

9. According to Butler's report, police units were resubordinated to the Army of the Serbian Republic, pursuant to Article 14 of the RS, *Law on the Implementation of the Law on Internal Affairs during an Imminent Threat of War or a State of War*. This law was in force during the month of July of 1995.

10. Your affiant has reviewed several documents that indicate that IKONIC was a commander of a police company that cooperated with and was subordinated to the Army of the Serbian Republic during the July 1995 massacre in Srebrenica:

   A. Dusko Jevic made a statement made to an investigator with the Office of the Prosecutor of the ICTY in 2000. Jevic said his date of birth was 6/21/57. Jevic said that from 1992 to 1995, he was the assistant commander for operations and training of a military brigade for the Serbian Republic of Bosnia and Herzegovina. He said that there were two companies at the training center on Jahorina mountain, one of which was commanded by NEDJO IKONIC, and the other by Mendeljev Djuric. Jevic reported that he (Jevic) reported directly to Ljubisa Borovacinin, who has been indicted by the ICTY for war crimes. Jevic reported that the purpose of the training center was to establish physical readiness, infantry training, and shooting practice with automatic rifles. Jevic reported that during the events of July 1995 which led to the massacre in Srebrenica, the police companies were subordinated to the Army of the Serbian Republic, and were utilized to evacuate and escort the busses containing the Muslims who were ultimately taken to other locations and exiled (in the case of women, children and the infirm) or executed (in the case of younger Muslim men). Specifically, he reported that it was the responsibility of the company to prevent infiltration or attack by Muslim troops. Jevic also reported that after the evacuations, the company under IKONIC's command conducted ground sweeps of the roads and forests from Sandici to Konjevic Polje in cooperation with the Serbian Army. Jevic has not been charged by the ICTY with war crimes.

B. Mendeljev Djuric made a statement to an investigator with the Office of the Prosecutor of the ICTY in 2000. Djuric said his date of birth was 10/15/60. Djuric said that he was a member of the special police unit for Bosnia and Herzegovina from 1982 until he retired in 1999. He stated that according to law, all police units fell under the command of the military in times of war. Djuric said that in July of 1995, he was the commander of one of the companies at the police training center on Jahorina mountain. He identified his superior as Ljubisa Borovacinin, he identified Borovacinin's assistant as Dusko Jevic, and he identified the commander of the other company as NEDJO IKONIC. Djuric said that his company was sent to the UN base at Srebrenica to control the civilians who were seeking refuge there. Djuric has not been charged by the ICTY with war crimes.

C. In an official combat report prepared by Ljubisa Borovacinin following the events of July, 1995, Borovacinin reported that the company at the police Training Center commanded by NEDJO IKONIC was engaged to assist the Army of the Serbian Republic. Borovacinin has been charged by the ICTY with war crimes.

D. Your affiant has reviewed a police roster that was recovered by the ICTY from the Special Brigagde Police, Headquarters, Bijeljina, which is located in the area of the same geographical area as the scene of the massacre, and that roster includes the name of NEDJO (Milenko) IKONIC DOB 6/26/66 with Visoko as the city of birth. The roster also includes the names of Dusko Jevic DOB 6/21/57 and Mendeljev Djuric DOB 10/15/60.

11. For the purposes of determinations, Section 101 of the Immigration and Nationality Act defines the term "refugee" and further states that the term refugee does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group or political opinion.

12. Based upon the facts contained in this affidavit and on my training and experience as a Special Agent, I believe that the defendant knowingly subscribed under oath as true a false statement with respect to a material fact, when he filed Form I-590, because he withheld information that would have prompted an investigation into his military service, and which might have resulted in denial of refugee status and admission to the United States.